```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                      NO: 08-4732

STEPHEN M. BERNSTEIN, ET AL                 SECTION: J(3)
```

## ORDER AND REASONS

Before the Court are Plaintiff United States of America's **Motion for Summary Judgment (Rec. Doc. 35)**, Defendants Stephen M. Bernstein and Veron S. Bernstein's **Opposition (Rec. Doc. 37)**, Defendants Richard Bernstein and Dianne Gail Bernstein's **Opposition (Rec. Doc. 38)**, and Defendant ROGO, Inc.'s **Opposition (Rec. Doc. 41)**.

Additionally, parties filed a Joint Motion to Cancel the Trial and Pre-Trial Conference (Rec. Doc. 39), acknowledging that the above-referenced Motion for Summary Judgment and its responses presented no issues of material fact, only differing legal arguments regarding the appropriate ranking of the interested parties' liens. The Court granted the Joint Motion (Rec. Doc. 40) and canceled the Trial and Pre-Trial Conference pending the disposition of the present Motion.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

The United States filed this action to foreclose federal tax liens upon the Jefferson Parish property owned by Defendants Stephen M. Bernstein and Veron S. Bernstein, to sell the property

at issue, and to distribute the proceeds of the sale. The United States holds federal tax liens against the property at issue in relation to the outstanding 1997 and 1998 federal income tax liabilities (totaling $1,381,242.77) of Stephen M. Bernstein and Veron S. Bernstein. Other Defendants also assert that they have valid liens against the property at issue.

## THE PARTIES' ARGUMENTS

The United States argues that the undisputed material facts establish that the United States is entitled to receive the entirety of any sales proceeds derived from the sale of the property at issue. Specifically, it explains that it is undisputed that Stephen M. Bernstein and Veron S. Bernstein have outstanding federal income tax liabilities and that federal tax assessments are presumptively valid. Furthermore, the United States explains that it is undisputed that Stephen M. Bernstein and Veron S. Bernstein hold an undivided interest in the parcel of real property at issue. The United States filed notice of their tax liens in 2002 before the Bernsteins filed for bankruptcy in 2003. Because the notice of the tax liens was filed first, the tax liens survived the bankruptcy and continue to attach to the parcel of real property.

Under the United States' view, although state law determines a taxpayer's rights and interests in property, federal law determines whether those rights and interests qualify as

"property" or "rights to property" within the meaning of Title 26. Additionally, federal law establishes priorities among liens when a taxpayer has a property interest to which a tax lien may attach, and that priority, absent provision to the contrary, is governed by "the first in time is the first in right" principle. Therefore, the United States argues it is entitled first priority in the foreclosure sale.

The United States maintains that it is entitled to priority over the other parties, including Richard and Dianne Buchanan, who were granted a vendor's privilege at the time of sale in 1979 under La. Civ. Code art. 3249 (1). It argues that the record is void of any evidence that Richard and Dianne Buchanan ever reinscribed their privilege, which, according to the United States, means that they no longer have a preserved privilege on the property. Similarly, the United States argues that its claim supercedes Hibernia National Bank (predecessor to Defendant Capital One Bank), who did not reinscribe a 1994 judgment against Defendant Stephen M. Bernstein.[1]

Lastly, the United States argues that it is entitled to priority over Defendant ROGO, Inc. ("ROGO"). ROGO holds a note executed in 1989 by Stephen and Veron Bernstein, made payable on demand to the order of "Bearer." Before the IRS filed its notice

---

[1] Defendant Capital One Bank was dismissed without prejudice from this case. (See Mins., June 10, 2009, Rec. Doc. 10.)

of tax lien, ROGO filed and reinscribed the collateral mortgage that secured the note. However, the United States argues that ROGO no longer holds a claim because the mortgage has expired by prescription. See La. Civ. Code art. 3319 (3). Furthermore, the United States argues that actions on promissory notes must be brought within five years from the time the note is payable under La. Civ. Code art. 3498, and that in the case of notes payable on demand, the limitations period begins to run on the date the note is executed. Accordingly, because more than five years have passed since the note was executed, the mortgage is extinguished by operation of La. Civ. Code 3319 (3).

In their Opposition, Defendants Stephen and Veron Bernstein argue that the United States has failed to address the status of the mortgage originally held by Edward Bernstein. Edward Bernstein died intestate in 1997, and in 1999, Stephen and Richard Bernstein came into possession of all of the property belonging to the estate of Edward Bernstein by Judgment of Possession. Richard Bernstein therefore is the owner of one half of that mortgage and vendor's lien. Richard Bernstein's mortgage and vendor's lien has a term of 30 years from its inception date of 1979-a maturity date in 2009. Under former La. Civ. Code art. 3329, in effect at the time, his lien does not cease until six years after the date of maturity-or 2015. Accordingly, Defendants Stephen and Veron Bernstein argue that Richard Bernstein has a

valid and enforceable lien that ranks ahead of the tax liens sought to be enforced by the United States.

Next, Defendants Stephen and Veron Bernstein argue that Richard and Dianne Bernstein have a valid interest in the property as a result of their mortgage and vendor's lien beginning at the time of the sale in 1979. Payments on the mortgage and vendor's lien were not to begin until the death of Edward Bernstein, after which payments were to be made in 360 equal installments over thirty years. Defendants Stephen and Veron Bernstein argue that the maturity of this lien, therefore, was 2027, thirty years after the death of Edward Bernstein, and that the inscription of said mortgage and vendor's lien is 2033 (six years after the date of maturation under La. Civ. Code art. 3329). Defendants Stephen and Veron Bernstein point out that even if inscription were calculated from the date of inception in 1979, the inscription would not cease until 2015 when the act of credit sale in favor of Edward Bernstein would take effect.

Richard and Gail Bernstein filed separate Opposition, and in it, they articulated the same arguments regarding their priority over the United States as presented by Defendants Stephen and Veron Bernstein.

In its response, ROGO argues that it holds a viable mortgage note (securing $85,307, of which $25,000 is the principal sum, with the remainder being interest), and that the United States is

mistaken in stating that ROGO's mortgage is extinguished by prescription. According to ROGO, prescription can be interrupted on a demand of the note (like the mortgage note at issue here), by the debtor acknowledging the note. See La. Civ. Code art. 3464. ROGO argues that its mortgage remains viable, as Defendant Bernstein acknowledged the validity of the note on January 7, 2000, and again on January 19, 2005. Under ROGO's view, these acknowledgments interrupted prescription and recommenced a new five-year period. Accordingly, ROGO asserts that its mortgage remains viable and is entitled to priority over the United States' tax lien.

Additionally, ROGO asserts that it is entitled to proceeds to cover a "hand note," which ROGO distinguishes from the above-referenced mortgage and mortgage note. The $25,000 mortgage and mortgage note, executed in 1989, was secured by the property at issue. The hand note was executed in 1995 by Stephen Bernstein in the principal sum of $72,500, and it remains unpaid. The mortgage note was pledged as collateral for the hand note. ROGO asserts that with respect to hand notes, no acknowledgment is needed to prevent the note from prescribing. Since the hand note is secured by the pledge of another note, ROGO explains that it cannot prescribe. Accordingly, ROGO maintains that it has two viable interests in the property, both of which should be honored over the United States' tax lien.

In their Opposition, Defendants Stephen and Veron Bernstein support ROGO's position.

**DISCUSSION**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l

Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265. If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075; Isquith for and on Behalf of Isquith v. Middle South Utils., Inc., 847 F.2d 186, 198 (5th Cir. 1988), cert. denied, 488 U.S. 926 (1988).

    In the instant case, the parties have essentially informed the Court that no issues of material fact exist by filing their Joint Motion to Cancel the Trial and Pre-Trial Conference (Rec. Doc. 39), explaining that the instant Motion and Responses present only differing legal arguments regarding the appropriate

8

ranking of the interested parties' liens.

The United States properly recognizes that the "first in time is the first in right" principle governs the priorities among liens when a taxpayer has a property interest to which a tax lien may attach. The United States then alleges that its tax lien is entitled to priority over Richard and Gail Bernstein's mortgage and vendor's lien because Richard and Gail Bernstein's lien, originally created in 1979, was not reinscribed. However, the United States miscalculates when Richard and Gail Bernstein must reinscribe their mortgage note to remain effective.

Payments on the loan due to Richard and Gail Bernstein (secured by the mortgage and vendor's lien) were not to begin until the death of Edward Bernstein (which occurred in 1997), after which payments were to be made in 360 equal installments over thirty years. This loan, therefore, does not become fully due until 2027, thirty years after the death of Edward Bernstein, and therefore the inscription of said mortgage and vendor's lien is 2033 (six years after the date of maturation under former La. Civ. Code arts. 3369, 3329). Accordingly, Richard and Gail Bernstein still have an effective mortgage–they do not need to reinscribe their mortgage until 2033. Although the United States cited the correct law, that this mortgage remains effective for "six years after the indebtedness matures if the date of maturity occurs more than nine years after the date of the instrument," it

9

did not apply the law correctly. Richard and Gail Bernstein need not reinscribe their mortgage until 2033, six years after the indebtedness matures (in other words, when the last payment is due). This mortgage remains effective and is entitled to priority over the United States' tax lien.

ROGO is also correct in arguing that it has two viable and enforceable interests in the property at issue that rank ahead of the United States' tax lien. The United States argued that ROGO's mortgage note was extinguished by prescription. However, ROGO properly cites to La. Civ. Code art. 3464, which explains that prescription can be interrupted when the note is acknowledged. Defendant Stephen Bernstein acknowledged the ROGO's mortgage on January 7, 2000, and January 19, 2005 (ROGO's Opp., Rec. Doc. 41, Exhibit 2, at 2). Accordingly, under La. Civ. Code art. 3464, each acknowledgment recommenced a new five-year prescription period, and ROGO's mortgage remains effective and ranks above the United States' tax lien.

Furthermore, ROGO's hand note of $72,500, secured by the above-referenced ROGO mortgage and mortgage note, also remains viable, as it is not susceptible to prescription. See Scott v. Corkern, 91 So.2d 569 (La. 1956) (explaining that collateral mortgage notes are not subject to prescription so long as the creditor holds the original note, which ROGO did in the instant case).

Likewise, Richard Bernstein's mortgage, originally held by Edward Bernstein, also presents another hurdle for the United States. Both Stephen and Veron Bernstein and Richard and Gail Bernstein point out in their Oppositions that the United States made no mention of this mortgage. Edward Bernstein died intestate in 1997, and in 1999, Stephen and Richard Bernstein came into possession of all of the property belonging to the estate of Edward Bernstein by Judgment of Possession. Richard Bernstein therefore is the owner of one-half interest in the mortgage and vendor's lien owned by Edward Bernstein. Richard Bernstein's mortgage and vendor's lien has a term of 30 years from its inception date of 1979–a maturity date in 2009. Under former La. Civ. Code art. 3329 and 3369, his lien does not cease until six years after the date of maturity–or 2015. Accordingly, Richard Bernstein has a valid and enforceable lien that ranks ahead of the tax liens sought to be enforced by the United States.

Accordingly, **IT IS ORDERED** that the Plaintiff's **Motion for Summary Judgment (Rec. Doc. 35)** be **DENIED**.

**IT IS FURTHER ORDERED** that judgment be entered in favor of Defendants Richard Bernstein, Dianne Bernstein, and ROGO, and that their liens be prioritized over the United States' tax lien. See Exxon Corp. v. St. Paul Fire & Marine Ins. Co., 129 F.3d 781, 786 (5th Cir. 1997) (explaining that "the policy goal that animates Rule 56 is the prompt disposition of cases when there is

11

no genuine issue of any material fact for the court to consider. In order to achieve this goal, the rule thus requires a court, under the proper conditions, to grant the relief to which a party is entitled even if the party has not demanded such relief.")

New Orleans, Louisiana, this 13th day of December, 2010.

_____
Carl J. Barbier
U.S. District Judge

12