UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                      NO: 08-4732

STEPHEN M. BERNSTEIN, ET. AL.               SECTION: J(3)

### ORDER AND REASONS

Before the Court are Plaintiff's **Motion to Alter or Amend Judgment (Rec. Doc. 46)**, Defendant ROGO, Inc.'s, **Memorandum in Opposition (Rec. Doc. 47)**, Defendants Stephen M. Bernstein and Veron S. Bernstein's **Memorandum in Opposition (Rec. Doc. 49)**, and Defendants Richard Bernstein and Dianne Gail Bernstein's **Motion to File Opposition Memorandum Out of Time (Rec. Doc. 50)**.

Reconsideration of a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion for reconsideration calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and

self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567; Ross v. Marshall, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In the instant case, Plaintiff has not cited to any intervening change in the law since this Court's December 13, 2010, Order and Reasons (Rec. Doc. 43). Furthermore, Plaintiff

2

has not pointed to any newly discovered evidence previously unavailable to it, nor has it clearly established either a manifest error of law or fact. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Alter or Amend Judgment (Rec. Doc. 46)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Richard Bernstein and Dianne Gail Bernstein's **Motion to File Opposition Memorandum Out of Time (Rec. Doc. 50)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 17th day of March, 2011.

Carl J. Barbier
U.S. District Judge